| | |
|---|---|
| **POST & SCHELL, P.C.**<br>BY: STEVEN J. SCHILDT, ESQ.<br>I.D. # 79011<br>BY: JEFFREY M. BRENNER, ESQ.<br>I.D. #313580<br>1600 JFK BLVD., 13TH FLOOR<br>PHILADELPHIA, PA  19103<br>PHONE: 215-587-1089<br>E-MAIL: sschildt@postschell.com | Attorneys for both Defendants |

| | |
|---|---|
| DAVID HINES<br>          Plaintiff,<br><br>          vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY and JOHN HUNTER<br>          Defendants. | IN THE COURT OF COMMON PLEAS ALLEGHENY COUNTY<br><br>CIVIL ACTION NO.: 2014-23509 |

### DEFENDANTS' NOTICE OF REMOVAL

TO:   Thomas S. Barry
       1103 East Carson Street
       Pittsburgh, PA 15203

Defendants have filed a Notice in the United States District Court for the Western District of Pennsylvania for removal of a civil action pursuant to 28 U.S.C. §1441, et seq., now pending in the Court of Common Pleas for Allegheny County. Said case qualifies under diversity jurisdiction pursuant to 28 U.S.C. §1332. Specifically, the parties are of diverse citizenship and the amount in controversy as alleged in the complaint is more than $75,000. Defendants have also filed in the Western District of Pennsylvania a copy of the complaint served upon them.

POST & SCHELL, P.C.

BY: _____
       STEVEN J. SCHILDT, ESQ.
       Attorney for both Defendants

DATE: 2/23/15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HINES | ) | |
|       Plaintiff | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. _____ |
| MUTUAL OF OMAHA INSURANCE | ) | |
| COMPANY and JOHN HUNTER | ) | |
|       Defendants | ) | |

### DEFENDANTS' NOTICE OF REMOVAL

1. On December 31, 2014, Plaintiff commenced this action by filing a complaint in the Allegheny County Court of Common Pleas. A copy of the Complaint is attached hereto.

2. Defendants Mutual of Omaha Insurance Company ("MOIC") and John Hunter were served Plaintiff's Complaint in this matter on January 26, 2105.

3. Plaintiff's complaint arises out of the handling of a claim for disability benefits under a disability policy issued to Plaintiff by MOIC.

4. This Court's jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332.

5. The plaintiff is a citizen and resident of Pennsylvania. See Complaint at ¶ 1.

6. MOIC is a corporation incorporated in, and has its principal place of business in, Omaha, Nebraska.

7. John Hunter is a citizen of Pennsylvania. See Complaint at ¶ 3.

8. Plaintiff alleges that John Hunter, acting as a sales agent for MOIC, sold Plaintiff a disability insurance policy ("the policy"). See Complaint at ¶¶ 4-9.

9. Plaintiff does not plead any cause of action against John Hunter. See Complaint.

10. Rather, in Count I, Plaintiff pleads a cause of action for breach of contract against MOIC, and in Count II, pleads a cause of action against MOIC for bad faith in the handling of Plaintiff's disability claim under the policy. See Complaint Counts I, II.

11. Furthermore, Plaintiff's causes of action could not be asserted against John Hunter.

12. Under Pennsylvania law, one cannot be liable for a breach of a contract unless one is a party to the contract. Electron Energy Corp. v. Short, 597 A.2d 175, 177 (Pa. Super. 1991); Brand v. AXA Equitable Life Ins. Co., 2008 U.S. Dist. LEXIS 69661, at *5 (E.D. Pa. Sept. 16, 2008) (noting the general rule that an insured may bring claims for breach of contract and bad faith against the insurer who issued the policy but not against related parties who are not in privity with the insured.).

13. Therefore, an insured may bring claims for breach of contract only against the insurer who issued the policy, and not against other parties, even if related, who are not in privity of contract with the insured. See, e.g., Reid v. Ruffin, 469 A.2d 1030, 1033 (Pa. 1983); Hudock v. Donegal Mut. Ins. Co., 264 A.2d 668, 672 (Pa. 1970).

14. Accordingly, since John Hunter is not a party to the contract or in privity with it, there is no cognizable cause of action against John Hunter for Breach of Contract. See Complaint Counts I, II.

15. Further, Plaintiff cannot assert a cause of action for bad faith against John Hunter.

16. Only an insurance company can be held liable for bad faith. Brown v. Progressive Ins. Co., 860 A.2d 493, 498 (Pa. Super. 2004); Scheibler v. Americo Fin. Life & Annuity Ins. Co., 2007 Pa. Dist. & Cnty. Dec. LEXIS 324, *14-18 (Allegheny Co. 2007) (granting summary judgment to insurance brokers).

17. John Hunter is a real person – not an insurance company. <u>See</u> Complaint at ¶ 1.

18. Therefore, not only did Plaintiff not plead an actual cause of action against John Hunter, both of Plaintiff's causes of action are not legally cognizable against him.

19. Accordingly, it is clear that John Hunter was fraudulently joined as a defendant to this action for the sole purpose of destroying diversity jurisdiction.

20. Non-diverse defendants may remove an action to federal court as if the matter had complete diversity where the non-diverse defendant was fraudulently joined. <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 851 (3d. Cir. 1992).

21. A non-diverse defendant is fraudulently joined where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant. . . ." <u>Id.</u>

22. Here, as discussed above, Plaintiff does not even assert a cause of action against the non-diverse defendant, John Hunter. Further, as a matter of law neither of the causes of action plead apply to him (breach of contract and bad faith).

23. Accordingly, this Honorable Court can, and should, disregard non-diverse defendant John Hunter, and regard this matter as having complete diversity as between Plaintiff, a citizen of Pennsylvania and MOIC, a citizen of Nebraska.

24. The amount of controversy in this matter exceeds the jurisdictional threshold of $75,000.00.

25. Plaintiff alleges that MOIC wrongfully rescinded the policy at issue based upon MOIC's finding of misrepresentations made on the application for the policy. <u>See</u> Complaint, ¶¶ 15-18.

26. In cases of rescission, the entirety of the policy benefits under the policy are at issue.

27. For purposes of the amount in controversy requirement, in matters involving the rescission of an insurance contract, both past and future benefits under the policy may be aggregated. Teller v. The Equitable Life Assurance Society, 1998 U.S. Dist. LEXIS 15500, at *7-9 (denying Plaintiff's motion for remand as past *and* future benefits under the rescinded policy exceeded the jurisdictional threshold of $75,000.00).

28. In the instant matter, the policy at issue has a maximum benefit period of 24 months with payments of $3,500.00 per month. A true and correct copy of the declarations sheet of the policy is attached hereto as Exhibit "A."

29. Therefore, the benefits at issue under the policy amount to $84,000.00. Ex. A.

30. Additionally, as part of his bad faith count, Plaintiff demands attorney's fees, costs and punitive damages. See Complaint, ¶ 31.

31. Demands for punitive damages are included in the calculation of the amount in controversy. See, e.g., Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004) ("a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.").

32. Further, when attorney fees are recoverable under a cause of action, such fees are included in the calculation of the amount in controversy. See, e.g., Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

33. Finally, Counts for breach of contract and insurance bad faith can be aggregated to meet the $75,000 amount in controversy requirement. See, e.g., Ketz v. Progressive Northern

4

Ins. Co., 2007 U.S. Dist. LEXIS 43245, *7-9 (M.D. Pa. 2007); Brown v. Liberty Mut. Fire Ins. Co., 2006 U.S. Dist. LEXIS 76139, *8 (E.D. Pa. 2006).

34. Accordingly, given the amount of benefits at issue under the policy – an amount which alone satisfies the jurisdictional threshold – plus attorney's fees, costs, punitive damages and the aggregation of Plaintiff's breach of contract and bad faith counts, the instant action satisfies diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 because all parties are of diverse citizenship and the amount in controversy as alleged by Plaintiff is in excess of $75,000.

35. Defendants' Notice of Removal has been filed within 30 days of service of the complaint and is therefore timely under 28 U.S.C. §1446.

36. Defendants have also filed copies of this Notice with the Department of Court Records of the Allegheny County Court of Common Pleas pursuant to 28 U.S.C. §1446(d).

POST & SCHELL, P.C.

BY: s/ Steven J. Schildt
STEVEN J. SCHILDT, ESQ.
I.D. # 79011
JEFFREY M. BRENNER, ESQ.
I.D. # 313580
Attorneys for both Defendants
1600 JFK Blvd., 13th Floor
Philadelphia, PA 19103
Phone: 215-587-1089
        :215-587-1133
E-mail: Sschildt@postschell.com
        :Jbrenner@postschell.com

**DATE: February 23, 2015**

## CERTIFICATE OF SERVICE AND FILING

I hereby certify that the attached Removal Package has been served and filed this day via regular mail to the following person(s):

Thomas S. Barry
1103 East Carson Street
Pittsburgh, PA 15203

Department of Court Records
Allegheny County Court of Common Pleas
City-County Building
414 Grant Street, First Floor
Pittsburgh, PA 15219

                                                          POST & SCHELL, P.C.

BY:    s/ Steven J. Schildt
               STEVEN J. SCHILDT, ESQ.
               I.D. # 79011
               JEFFREY M. BRENNER, ESQ.
               I.D. # 313580
               Attorneys for both Defendants
               1600 JFK Blvd., 13th Floor
               Philadelphia, PA 19103
               Phone: 215-587-1089
                         :215-587-1133
               E-mail: Sschildt@postschell.com
                         : Jbrenner@postschell.com

**DATE: February 23, 2015**