# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:15-cv-00245 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| MUTUAL OF OMAHA INSURANCE | ) |
| COMPANY and JOHN HUNTER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

The question the Court must address is: in what court should this case be decided? The Defendants removed this action pursuant to the diversity of citizenship jurisdiction conferred by 28 U.S.C § 1332, even though one of the Defendants, John Hunter, was not a diverse party. The Defendants asserted in their Notice of Removal that Hunter was "fraudulently joined" by the Plaintiff and that removal was thus permissible under that limited exception to the complete diversity rule. The Plaintiff did not file (and has not filed) a motion to remand this action to state court, but this Court has an independent duty to ensure that it has subject matter jurisdiction. Having reviewed the Defendants' Notice of Removal and the applicable law related to fraudulent joinder, the Court concludes that it does not have subject matter jurisdiction and must therefore order that this action be remanded forthwith to the Court of Common Pleas of Allegheny County.

### I. BACKGROUND

On December 31, 2014, Plaintiff David Hines filed an action in the Allegheny County Court of Common Pleas against Mutual of Omaha Insurance Company ("MOIC") and John Hunter. ECF No. 1-2. Hines is a citizen of Pennsylvania. ECF No. 1-2, at ¶ 1. MOIC is

incorporated in Nebraska and its principal place of business is there also. ECF No. 1, at 2. Hunter, however, is a citizen of Pennsylvania. *Id.*

The Complaint alleges the following facts. Hines met with Hunter to fill out an application for disability insurance with MOIC. ECF 1-2, at ¶ 4. At the meeting, Hunter asked Hines questions, and Hines answered honestly. ECF 1-2, at ¶¶ 5–6. Hunter then used Hines's statements to fill out an "Insured's Statement for Disability Benefits" and had Hines sign the statement. ECF 1-2, at ¶¶ 7–9. Hines started making monthly premium payments of $87.98 on September 7, 2013. ECF 1-2, at ¶ 10–11. On November 19, 2013, Hines suffered an injury that caused him to be disabled. ECF 1-2, at ¶¶ 12–13. Hines filed for disability benefits with MOIC but was denied benefits. ECF 1-2, at ¶¶ 14–15. MOIC cited two reasons as grounds for its denial of benefits: (1) based on medical records it had obtained, MOIC concluded that Hines's application was not correct because he was treated from February 2011 through September 2012 for severe arthritis of Plaintiff's knees; and (2) Hines's actual 2013 income was less than his stated 2013 income of $55,400.00. ECF No. 1-2, at ¶ 15.

Based on those facts, the Complaint asserted two causes of action against the Defendants: breach of contract and insurance bad faith. For the breach of contract claim, Hines alleges that "[t]he parties entered into an agreement wherein Plaintiff agreed to pay premiums and upon receipt of those premiums, Defendants were to provide disability insurance to the Plaintiff should Plaintiff become disabled" and that "Defendant breached that agreement by failing to provide disability payments as per the agreement." ECF No. 1-2, at ¶¶ 20–21. The bad faith claim alleges that MOIC breached an implied covenant of good faith and fair dealing by refusing to pay disability benefits without a reasonable basis for that refusal. ECF No. 1-2, at ¶¶ 25–29.

Defendants removed the case to this Court on February 23, 2015, invoking this Court's jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1. Defendants

argued that Hines had fraudulently joined Hunter as a Defendant, specifically asserting that Hines failed to plead a cause of action against Hunter and that Hines only included Hunter in the Complaint to destroy diversity. ECF No. 1, at ¶¶ 9–23. Further, Defendants said that the amount in controversy was more than $75,000. ECF No. 1, at ¶¶ 27–34. Hines did not file a motion to remand.[1]

## II. STANDARD OF REVIEW

"Remand to state court is required 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Hoffman v. Nutraceutical Corp.*, 563 F. App'x 183, 185 (3d Cir. 2014) (quoting 28 U.S.C. § 1447(c)) (alteration omitted). Moreover, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." *Id.* (citing *Pullman Company v. Jenkins,* 305 U.S. 534, 537, 540 (1939)). "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt," and a "court can raise *sua sponte* subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

---

[1] The subsequent history of the case is not essential for the purposes of this Memorandum Opinion, but the Court will lay out the basics here. On February 25, 2015, Hunter filed a Motion to Dismiss. ECF No. 4. On March 13, 2015, MOIC filed an Answer that included a counterclaim alleging that Hines had obtained his disability insurance policy through fraud and that the policy must therefore be rescinded. ECF No. 7. On March 25, 2015, Hines filed an Amended Complaint reasserting the breach of contract and bad faith claims (only against MOIC this time) and adding three additional claims: civil conspiracy (against both Defendants, at Count III), negligent misrepresentation (against Hunter only), and fraud (against Hunter only). On March 15, 2015, MOIC filed a Motion to Dismiss Counts I – III (the Counts specifically alleged against it), and Hunter filed a Motion to Dismiss Counts III – V (the Counts alleged against him). ECF Nos. 18–19. On May 6, 2015, Hines filed a Response in Opposition to Hunter's Motion, and a supporting brief, ECF Nos. 20–21, but Hines did not file a motion opposing MOIC's Motion. In the course of considering these matters, the issue of whether this Court had subject matter jurisdiction came into clarity.

### III. DISCUSSION

#### A. Fraudulent Joinder

A defendant may remove a civil action from state court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *Id.* at 215–16. "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (quoting *In re Briscoe,* 448 F.3d at 216).

This Court has stated in the past that fraudulent joinder may be found to have occurred "when a party is joined as a defendant in good faith (or at least not in bad faith), but as a matter of law, based on the facts alleged, there is no basis for the assessment of liability against such joined defendant." *Rice v. Chesapeake Energy Corp.*, No. 12-00392, 2012 WL 3144318, at *1 (W.D. Pa. Aug. 1, 2012). In cases removed on the basis of fraudulent joinder, "the removing party carries a heavy burden of persuasion in making this showing." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir.1992)). As our Court of Appeals has explained:

> If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court....

> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*Brown*, 575 F.3d at 326 (quoting *In re Briscoe,* 448 F.3d at 217). "Thus, the Court must consider the applicable substantive state law and assess whether the Complaint states a claim for relief, giving every benefit of the doubt (as to fact and law) to the plaintiffs." *Rice*, 2012 WL 3144318, at *2.

### B. Claims Against Hunter

The key issue here, then, is whether Hines's Complaint, as it was on February 25, 2015, can *possibly* be read to allege a claim against Hunter. If the answer is yes, then this case has to go back to the Allegheny County Court of Common Pleas. The Complaint alleges two claims generally against both Defendants: breach of contract and bad faith. Defendants say that "[u]nder Pennsylvania law, one cannot be liable for a breach of a contract unless one is a party to the contract." [ECF No. 1, at ¶ 12](citing *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991)). They say that an insured may bring claims for breach of contract only against the insurer who issued the policy, and not against other parties, even if related, who are not in privity of contract with the insured. *Id.* at ¶ 13 (citing *Reid v. Ruffin*, 469 A.2d 1030, 1033 (Pa. 1983)). Further, they cite *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 498 (Pa. Super. Ct. 2004), for the proposition that only an insurance company can be held liable for bad faith.

So can Hines, under the facts pled in the Complaint, possibly maintain a breach of contract action against Hunter? While the Defendants may be correct that under Pennsylvania law Hines may not have a breach of contract action against Hunter for breach of the insurance policy itself, that does not mean that Hines may not have a separate breach of contract action against Hunter for his failure to procure insurance for him. As one district court explained:

5

> The Third Circuit held under Pennsylvania law an insurance broker who violates its duty to its principal is liable for breach of contract. *Consolidated Sun Ray, Inc. v. Lea* 401 F.2d 650, 657 (3d Cir. 1968) (holding broker liable for failing to include a subsidiary in a company's insurance policies). An insurance broker is liable to its client if the broker "neglects to procure insurance, or does not follow instructions, or if the policy is void or materially defective through the agent's fault." *Laventhol & Horwath v. Dependable Ins. Associates, Inc.,* 579 A.2d 388, 391 (Pa. Super. Ct. 1990). When an insurance policy provides an insurer "a defense it could not have raised if plaintiffs' instructions had been carried out," the broker is liable. *Consolidated Sun Ray,* 401 F.2d at 657.

*Acands, Inc. v. Aon Risk Servs.*, No. 01-3277, 2004 WL 2601035, at *1 (E.D. Pa. Nov. 10, 2004) (footnote omitted); *see also Mychak v. Alexander & Alexander, Inc.*, No. 86-4962, 1988 WL 11528, at *3–4 (E.D. Pa. Feb. 12, 1988) (noting that "[t]he Third Circuit . . . has determined that under Pennsylvania law, an insurance broker who violates its duty to its principal is liable for breach of contract). Thus, there appears to be authority that, under Pennsylvania law, a plaintiff may maintain against an insurance agent or broker a breach of contract action in cases where the insurance policy is void or materially defective because of something the agent or broker did or did not do.

Hines's Complaint specifically alleges that Hines supplied true and correct responses to all questions posed to him by Hunter during the application process but that, despite his truthful answers, he was denied benefits based solely on the alleged non-disclosure of certain medical records and alleged misrepresentation of his income in 2013. *See* ECF No. 1-2, at ¶¶ 15–18. The Complaint alleges that it was Hunter who filled out the application for Hines after posing questions to Hines and receiving truthful answers to those questions. Hines then signed the statement and began making monthly premium payments. He was then denied disability benefits two months later because of defects in the application. These facts support a possible action against Hunter based on the fact that "the policy is void or materially defective through the agent's fault." *Laventhol*, 579 A.2d at 391 (alterations and internal quotation marks omitted).

This does not mean that a breach of contract claim against Hunter will survive in state court, but that is not the test here. Rather, because Pennsylvania recognizes a breach of contract action by an insured against an insurance agent or broker, this Court concludes that it is at least possible that a state court could find that Hines's original Complaint states a cause of action against Hunter, the resident Defendant.[2] That's all it takes. Defendants have failed to carry their heavy burden in demonstrating that joinder was fraudulent. Joinder was therefore proper, which deprives this Court of subject matter jurisdiction, and this action must be remanded to state court.[3]

### IV. CONCLUSION

For the reasons stated in this Memorandum Opinion, and pursuant to 28 U.S.C. § 1447(c), this action will be remanded forthwith to the Allegheny County Court of Common Pleas.

An appropriate Order will follow.

                                              s/ Mark R. Hornak
                                              Mark R. Hornak
                                              United States District Judge

Dated: May 20, 2015
cc:     All counsel of record

---

[2] It is also possible that the facts alleged in the original Complaint could be enough to state a claim under a different legal theory not specifically articulated in the Complaint. While the Court is to consider only the Complaint at the time of removal, the Court would note that Hines's Amended Complaint, using the same facts that were alleged in the original Complaint, articulates three additional causes of action against Hunter. ECF No. 11, at ¶¶ 32–60.

[3] Having concluded that the Complaint possibly states a claim for breach of contract against Hunter, the Court need not address the issue of the bad faith claim.